C. B. CHURCH, The (UNITED STATES v.). See Case No. 14,762.

C. D., The (LALLANDE v.). See Case No. 8,000.

C. D., JR., The (INSURANCE CO. v.). See Case No. 7,051.

C. DURANT, The (GOODWIN v.). See Case No. 5,552.

## Case No. 2,540.

### In re CEASE.

[5 Law Rep. 408.]

District Court, W. D. Virginia. March 15, 1842.

INDEBTEDNESS OF BANKRUPT IN A FIDUCIARY CAPACITY.

Where it appeared, that a petitioner to be decreed a bankrupt was owing debts in a fiduciary capacity, it was held, that the petition must be dismissed, although he was owing other debts, which had not been so contracted in a fiduciary capacity.

[In bankruptcy. In the matter of Hezekiah B. Cease.]

PENNYBACKER, District Judge. On the fifteenth of February last, Hezekiah B. Cease, of the town of Staunton, in the county of Augusta, filed his petition, praying to be declared a bankrupt. It appears that the petitioner is owing debts, some of which were created while acting in a fiduciary capacity, and others not. The old act was before the legislature when the new one was passed. Seeing that so important a provision as the latter clause of the sixty-second section of the old act was left out of the new one, it is fair to presume, that the new act was intended to have a correspondingly different effect. If, then, the debts due the government, and to the persons who, by the laws of the United States, might have a preference, in consequence of having paid money as the sureties of the bankrupts, and the wages of the laborer, in the service of the bankrupts, which are, unquestionably, the debts the most favored by the act, would not be excepted from the effect of the discharge, whether those debts should be proved or not, it is hard to conceive why other debts of a less favored nature should have been intended to be excepted from the operation of the act; and if this be so, it would seem to be conclusive, that the words "owing debts," &c., were not intended to be descriptive of debts which should be excepted from the operation of the act, but only of persons who might, or might not, become voluntary bankrupts. Here the investigation may close, and the question may be asked, is the petitioner described by the statute? Is he a person owing debts which have not been created while acting in any fiduciary capacity? The answer cannot be in the affirmative. All that can be said upon the subject, is what the petitioner has himself said in his petition: that he is owing debts, some of which were created while acting in a fiduciary capacity, and others not. But this is not a full answer to the question; and as he must answer that question fully, before he comes within the description of the statute, his petition must, for that reason, be dismissed. To say, that because he comes partly within the description of the act, and partly not, he is yet entitled to the benefit of the act, would be pretty much the same with saying, that a part is equal to the whole, which is absurd.